# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARQUEL MAURICE WILLIAMS, | ) | |
| Petitioner, | ) | |
| v. | ) | CV419-010 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# ORDER

Marquel Williams has filed what purports to be a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. *See* doc. 1. In 2011, Williams pleaded guilty to one count of carrying firearms during and in relation to a drug trafficking offense. *United States v. Williams*, CR611-011, doc. 32 (S.D. Ga. Oct. 25, 2011) (Judgment). He was sentenced to 144-months' imprisonment, to be served consecutively with any other term of imprisonment. *Id.* at 2. His sentence was affirmed on appeal. CR611-011, doc. 49 (S.D. Ga. May 9, 2012) (Mandate). Despite Williams' characterization of the present petition, it is clear that he challenging the *validity* of his sentence and not its execution. *See* doc. 1 at 2 (alleging "constructive [i]neffective [a]ssistance of [c]ounsel as well as a substantial

constitutional violation" in his sentence). The Court thus must reconstrue Williams' motion as a § 2255 motion to vacate his sentence.

Pursuant to *Castro*,[1] the Court warns Williams that it will recharacterize his motion as a § 2255 motion.[2] If he chooses to proceed with it, he will lose his ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit. He thus has three choices: (1) have his motion ruled upon as filed, but as a § 2255 motion; (2) amend the motion to include any other claims he may have; or (3) withdraw the motion entirely. He has thirty days to decide what to do. If he does not thereafter affirm, supplement, or replace his

---

[1] *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Pena v. United States*, 2016 WL 6609223 at * 1 (S.D. Ga. Sept. 28, 2016).

[2] If, contrary to the Court's inference, Williams contends that § 2241 is the proper procedural vehicle for his claims, this Court is not the proper forum. "Section 2241 petitions may be brought *only* in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, (11th Cir. 1991) (emphasis added); *Kinsey*, 393 F. App'x at 664 ("Unlike § 2255 motions, motions made pursuant to § 2241 must be brought only in the district court for the district in which the inmate is incarcerated." (quotes and cite omitted)); *Williams v. River*a, 2011 WL 7005735 at * 1 (S.D. Ga. Dec. 11, 2011) (collecting cases). Williams is incarcerated in Beaumont, Texas. It appears, therefore, that the United States District Court for the Eastern District of Texas is the exclusive forum for a § 2241 petition. *See* 28 U.S.C. § 124(c).

original motion or notify this Court of his intent to withdraw it, the Court will proceed to rule on it as a § 2255 motion.

Accordingly, the Court **DIRECTS** Williams to make his *Castro* election within 30 days of service of this Order. Finally, the Clerk is **DIRECTED** to furnish him with a § 2255 motion form, should he wish to amend his motion.

**SO ORDERED**, this 11th day of February, 2019.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia